Locke, Judge,
 

 delivered the opinion of the Court:
 

 It is true, that a legatee or person entitled to a distributive share, cannot legally ¡*pt possession thereof without the assent of the executor or administrator, either express or implied ; but slight declarations of the executor or administrator, as well as many acts, will in Law, amount to such assent. In 1
 
 Com. Dig.
 
 342, (C. C.) it is said, if an executor take a grant, lease, &c, from the legatee of the thing or term bequeathed, it will amount to an assenl. To this effect also is 10
 
 Co. 52-6
 
 — Office
 
 of Executors,
 
 322-3. Or if he offer money to the legatee for the purchase, dr send another to the legatee to purchase it of him — 1
 
 Com. Dig.
 
 342. These and many other acts of the executor will amount to an assent.
 

 Tiiis case states, that Abigail Taylo, the person by law entitled to the estate of Laban Taylo, deceased, did execute a deed to Phelicia Terlington for the negroes in question ; but that at the time said deed was executed, no letters of administration had been granted, and that afterwards, the said Phelicia obtained letters of administration on said estate. The authorities above recited, Would be sufficient to shew the assent of the administra-trix, and to vest the property in the person entitled to the distributive share of said estate, if Phelicia, at the time of taking the deed, had been the administratrix. But it is said she was not, and of course, that her attempt to purchase and acquire title by this deed, ought not to hind the administratrix.
 
 Whitehall
 
 v.
 
 Squire,
 
 (1
 
 Salk.
 
 296,) is a case where a person, before administration granted, agreed that the Defendant being in possession of a horse, belonging to the estate of the deceased might keep him, in satisfaction of funeral charges $ and afterwards having taken out administration, he
 
 *11
 
 brought an action of trover to recover the horse. The Court held that he was bound by his agreements and judgment, was rendered against the administrator by two of the Judges. It is true, a very learned Judge thought otherwise, and on this case, differed from his brethren. If then, this case should be considered as Law, it is decisive. of this question ; not. that there was any express agreement on the part of Phelicia Terlington that Abigail Taylo should retain this property as her own $ but because her receiving a deed of bargain and sale for a valuable consideration, was at once an admission and acknowledgment on her part* that Abigail Taylo was the true owner, and competent to convey the negroes in question. It is unnecessary to decide this case merely on this ground, in as much as Phelicia Terrington, after letters of administration were granted to her, to wit, in August, lb(J4, had this deed proved in the County Court of Sampson. If as administratrix, and against this deed, she intended to claim this property, why have the deed proved and
 
 recorded!
 
 it would strengthen the evidence against her claim. If she intended to claim under'the deed, then probate thereof in the County Court was necessary to give to it validity. It may therefore be fairly inferred from this act, that she admitted and believed the right of this property to have been once in Abigail Taylo ; and by recording the .deed, intended to confirm that right, and make her title under the deed good and valid. Is not this equivalent to obtaining the deed after administration granted ? Or at least equal to sending a person to purchase the legacy from the legatee, which, as before mentioned, amounts to an assent ? It is the opinion of the Court, that in this case there has been such an implied assent, as to vest the property in Abigail Taylo, and that judgment .ought to he rendered W.for the Plaintiff.